IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHAO LIN HUANG,

    Petitioner,

v.                                     No. 2:26-cv-01043-KG-JMR

DORA CASTRO, et al.,

    Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Petitioner Shao Lin Huang's Petition for a Writ of Habeas Corpus, Doc. 1, the Government's Response, Doc. 11, and Petitioner's Reply, Doc. 12.  For the reasons below, Petitioner's habeas petition is granted.

## I.    *Background*

Petitioner, a native and citizen of China, entered the United States without inspection in April 1991.  Doc. 11 at 2.  Petitioner has lived in Puerto Rico since his entry and has three children who are United States citizens.  Doc. 1 at 1.  On October 2, 1996, the Department of Justice Immigration and Naturalization Service issued an order to show cause and notice of hearing, as well as an arrest warrant for Petitioner.  Doc. 11-2.  On August 24, 1998, Petitioner appeared before an Immigration Judge for deportation proceedings and was granted voluntary departure until May 24, 1999.  Doc. 11 at 2.  Petitioner failed to comply with the voluntary departure order, which became a final order of removal on May 25, 1999.  *Id.*

Since the entry of the order of removal, Petitioner has been detained on two occasions: once in 2005 and again in 2011.  Doc. 1 at 2, 9.  In both instances, Petitioner was released with conditions.  *Id.*  On June 11, 2025, Immigration and Customs Enforcement ("ICE") arrested

1

Petitioner for a third time and transferred him to the Otero County Processing Center, where he is currently detained awaiting removal.  Doc. 11 at 2.

Petitioner advances two challenges to his continued detention: (1) that the revocation of his parole without notice and a bond hearing violates due process; and (2) that his removal is not reasonably foreseeable and that there is no significant likelihood of removal in the reasonably foreseeable future.  Doc. 1 at 8–16.  The Government opposes the petition.  Doc. 11.

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    *Analysis*

Under the Immigration and Nationality Act ("INA"), when a noncitizen is ordered removed, the Government must execute the removal within a 90-day "removal period."  8 U.S.C. § 1231(a)(1)(A).  "During the removal period, the Attorney General shall detain the alien." § 1231(a)(2).  As relevant here, the "removal period begins" when the removal order "becomes administratively final."  § 1231(a)(1)(B).

Although the Government may continue to detain an "inadmissible" noncitizen beyond the 90-day removal period, *see* § 1231(a)(6), it may not detain them "indefinitely."  *Zadvydas*, 533 U.S. at 699.  A six-month detention is presumptively reasonable.  *Id.* at 701.  This presumptively reasonable period does not begin until the noncitizen is detained.  *See Callender v. Shanahan*, 281 F. Supp. 3d 428, 435 (S.D.N.Y. 2017) (stating that the presumptively reasonable period under *Zadvydas* "could not have begun until [the petitioner] was detained by ICE"); *see also Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1192 (N.D. Ala. 2011) ("*Zadvydas* time" cannot run "while

2

a petitioner is not in custody").  After six months, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Zadvydas*, 533 US. at 701.

Under these principles, Petitioner has met his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future.  *See id*.  Petitioner's removal became final on May 25, 1999, but there is no evidence that the Government attempted to remove him until June 2025.  Doc. 1 at 13.  In fact, since 1999, the Government has released Petitioner with conditions of supervision twice.  *Id.* at 2,9.  Petitioner has been detained for just shy of one year— well beyond the six-month period deemed presumptively reasonable by the Supreme Court.

The Government has produced little evidence to rebut Petitioner's showing.  The Government states that it has obtained travel documents, but it has not submitted proof of a travel document, proof of acceptance by China, proof of a scheduled removal, or any evidence that Petitioner's removal is reasonably foreseeable.  *See Lush Ndou v. Noem*, 2026 WL 686564, at * 2 (D.N.M.) (concluding that "the completion of a pre-removal check" and assurance that arrangements are being made "do not amount to a significant likelihood that Petitioner will be removed in the reasonably foreseeable future. Good faith efforts are not enough.").  The Government does not state whether ICE has transmitted the travel document request to China or if China received the request.  Nor does it provide any information regarding the typical timeframe for such requests or whether Petitioner's case falls within that range.  *See e.g., Ye v. Bondi*, 2025 WL 40334264, at * 5 (W.D. Okla.) (noting that "ICE's internal process lacks sufficient specificity with regard to Petitioner's likelihood of removal"); *Yan-Ling X. v. Lyons*, 2025 WL 3123793, at * 4 (E.D. Cal.) ("The phrase 'significant likelihood' requires something more than a mere possibility that removal will occur.").  In sum, the Government has not demonstrated that Petitioner will be

removed in the reasonably foreseeable future.  For these reasons, the Court concludes that Petitioner is entitled to release from custody subject to reasonable conditions of supervision.

## IV.    *Conclusion*

Because the Court grants relief under the INA, it declines to address Petitioner's other claims. For the reasons above, the Court orders that:

1. The Petition for Writ of Habeas Corpus, Doc. 1, is granted.  The Government shall release Petitioner within 24 hours of this Order.  The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2. The Government is enjoined from redetaining Petitioner absent a predetention hearing before a neutral immigration judge under § 1226(a), at which the Government must establish, by clear and convincing evidence, that Petitioner poses a danger or flight risk.

3. The Government shall file a status report within 10 business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.